UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
****************************)
M.A.T. MARINE, INC.          )      04-11897 PBS
     Plaintiff               )
                             )      CIVIL ACTION NO.:
v.                           )
                             )      MAGISTRATE JUDGE Bowler
PORT NORFOLK YACHT CLUB INC.,)
     Defendant               )
                             )
v.                           )
                             )
FLEET BANK, FIRST COMMUNITY  )
BANK                         )
     Trustee Defendants      )
****************************
```

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. DM
DATE 8/31/04

## PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff, M.A.T. Marine, Inc., in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and hereby files its Complaint, seeking damages in the amount of $16,800, as nearly as can be calculated to date, along with costs, interest and attorneys' fees in connection with the Defendant's failure and refusal to pay their outstanding debt for monies owed for dredging work completed by the Plaintiff on the Neponset River Project in Dorchester, Massachusetts.

The Plaintiff also seeks treble damages, costs and reasonable attorneys' fees under Massachusetts General Laws Chapter 93A for the Defendant's unfair and deceptive practices in failing to pay their debt and in connection with the Defendant's conduct during negotiations concerning payment, including the Defendant's unjustified breach of an express settlement agreement.

## GENERAL ALLEGATIONS

1. The Plaintiff, M.A.T. Marine, Inc. (hereinafter M.A.T. Marine), is a Massachusetts corporation with a principal place of business in Monument Beach, Massachusetts. M.A.T. Marine Inc. is in the business of, *inter alia*, providing dredging services.

2. Upon information and belief, the Defendant, Port Norfolk Yacht Club Inc. (hereinafter "Port Norfolk"), is a Massachusetts corporation with a principal place of business in Dorchester, Massachusetts.

3. The Defendant, Port Norfolk entered in an agreement with M.A.T. Marine wherein the Plaintiff would perform certain dredging work for the Defendant at the Neponset River in Dorchester, Massachusetts. (Please see correspondence of October 5, 2001 attached as Exhibit A).

4. M.A.T. Marine fully carried out its duties and responsibilities under the agreement and diligently performed the requested dredging work.

5. Currently the sum of $16,800 is outstanding, due and owing. The Defendant has failed to satisfy this outstanding debt, even though same has been duly demanded for the dredging services rendered.

6. Following satisfactory completion of the above referenced work, M.A.T. Marine forwarded its invoice requesting payment for services rendered. Despite repeated requests, M.A.T. Marine's invoice has not been satisfied.

7. Port Norfolk attempted to "string the plaintiff along" by making payment contingent upon M.A.T. Marine performing future work for the defendant. Because of Port

2

Norfolk's refusal to pay for the dredging work, M.A.T. Marine was forced to retain counsel, who made demand upon the Defendant for payment.

8. Thereafter, counsel for M.A.T. Marine liased directly with counsel for Port Norfolk, Attorney Richard Skerry, in an attempt to resolve the matter without resort to litigation. (Please see Holbrook & Murphy's correspondence to Attorney Skerry dated August 19, 2003 attached as Exhibit B; Holbrook & Murphy correspondence of January 14, 2004 attached as Exhibit C).

9. Counsel for Port Norfolk raised numerous objections to M.A.T. Marine's invoice, including allegations that Port Norfolk had been overcharged.

10. After negotiations, counsel for Port Norfolk, Attorney Richard Skerry, and Counsel for M.A.T. Marine expressly and unequivocally agreed to full and final settlement of the matter in the amount of $16,800.

11. Counsel for Port Norfolk, Attorney Richard Skerry, had actual authority to enter into the aforesaid settlement agreement on Port Norfolk's behalf.

12. Counsel for Port Norfolk, Attorney Richard Skerry, had apparent authority to enter into the aforesaid settlement agreement on Port Norfolk's behalf.

13. Despite unequivocally agreeing to full and final settlement, Port Norfolk has not paid the agreed settlement.

14. Following the settlement agreement, counsel for M.A.T. Marine telephoned and wrote to counsel for Port Norfolk requesting the settlement funds. (See Holbrook & Murphy correspondence of February 13, 2004 requesting settlement funds as Exhibit D).

15. In response to counsel's request for the settlement funds, Attorney for the Defendant, Richard Skerry, Esq., confirmed the settlement and apologized for the delay in forwarding the settlement funds. Attorney Skerry stated that he mistakenly believed that his client had already forwarded the settlement draft directly to the Plaintiff. Attorney Skerry agreed to contact his client to expedite the settlement drafts.

16. Thereafter, Attorney Skerry wrote to counsel for M.A.T. Marine, refusing to pay the settlement and raising the very same objections to M.A.T. Marine's invoice that had been raised during settlement negotiations.

17. The Defendant has acted unfairly, deceptively, unreasonably and with intent to mislead and deceive.

18. Based on Defendant's unequivocal settlement agreement, the Plaintiff refrained from initiating litigation, to its detriment. To its detriment, the Plaintiff relied on the Defendant's representations that the matter was settled.

19. The Plaintiff has performed all conditions precedent necessary to maintaining this action.

## JURISDICTION

20. The controversy herein involves a dispute concerning dredging work performed on the navigable waters of the United States.

21. This action is brought pursuant to this Honorable Court's admiralty and maritime jurisdiction, as well as this Honorable Court's supplemental jurisdiction to adjudicate pending state claims.

4

## COUNT I
*Breach of Settlement Agreement*

22. The Plaintiff reaffirms and reiterates all of the allegations contained in Paragraphs One (1) through Twenty-One (21) and incorporates same by reference herein.

23. By failing and refusing to pay monies owed pursuant to the aforesaid settlement agreement, the Defendant Port Norfolk is in breach of its settlement agreement.

**WHEREFORE,** the Plaintiff respectfully moves this Honorable Court for judgment in the amount of $16,800, along with interest, costs and reasonable attorneys' fees.

## COUNT II
*Breach of Contract*

24. The Plaintiff reaffirms and reiterates all of the allegations contained in Paragraphs One (1) through Twenty-Three (23) and incorporates same by reference herein.

25. By failing and refusing to pay monies owed for services rendered, the Defendant Port Norfolk is in breach of its contract.

**WHEREFORE,** the Plaintiff respectfully moves this Honorable Court for judgment in the amount of $16,800, along with interest, costs and reasonable attorneys' fees.

## COUNT III
*Quantum Meruit*

26. The Plaintiff reaffirms and reiterates all of the allegations contained in Paragraphs One (1) through Twenty-Five (25) and incorporates same by reference herein.

27. The Defendant has been unjustly enriched in that it has benefited from the dredging work performed by M.A.T. Marine but has not paid for same.

28. The Defendant has accepted the services and work performed by M.A.T. Marine and enjoyed the results of said work.

29. The Defendant was notified in advance that M.A.T. Marine expected payment for the dredging work to be performed.

30. The Defendant is liable for the value of the dredging services performed by the Plaintiff.

**WHEREFORE,** the Plaintiff respectfully moves this Honorable Court for judgment in the amount of $16,800, along with interest, costs and reasonable attorneys' fees.

## COUNT IV
*M.G.L. c. 93A*

31. The Plaintiff reaffirms and reiterates all of the allegations contained in Paragraphs One (1) through Thirty (30) and incorporates same by reference herein.

32. By failing and refusing to pay monies owed, and through their prior and subsequent conduct, the Defendant is liable under Massachusetts General Laws chapter 93A.

33. The Defendant has engaged in unfair and deceptive acts, undertaken willfully and knowingly by their failure to pay for services performed under the dredging contract and by forcing the Plaintiff to retain counsel.

6

34. The Defendant has engaged in unfair and deceptive acts, undertaken willfully and knowingly by reneging on their promises under the settlement agreement and by forcing the Plaintiff to file suit when the Defendant's liability is clear.

35. The Defendant has engaged in unfair and deceptive acts, undertaken willfully and knowingly, by falsely agreeing to settle this matter, thereby inducing the Defendant into forbearing, refraining and delaying the exercise of the Plaintiff's legal rights.

**WHEREFORE**, the Plaintiff prays the following relief from this Honorable Court:

1. An award of its actual damages against the Defendant;
2. An award of treble damages against the Defendant under M.G.L. c. 93A;
3. An award of interest, costs, and reasonable attorneys' fees;
4. An award of further relief as this Honorable Court deems just and equitable.

### TRUSTEE PROCESS
*Directed to Fleet Bank, First Community Bank*

36. The Plaintiff reaffirms and reiterates all of the allegations contained in Paragraphs One (1) through Thirty-Five (35) and incorporates same by reference herein.

37. Upon information and belief, at all times relevant hereto, funds of the Defendant are in the hands of the Trustee, Fleet Bank, First Community Bank.

38. There is a reasonable likelihood that the Plaintiff will recover judgment, including interest and costs, in an amount over and about $16,8000 on the underlying claim and on the breach of the Settlement Agreement.

39. There is a reasonable likelihood that the Defendant will be liable for multiple damages, costs, interest and reasonable attorneys' fees under M.G.L. c. 93A.

40. There is a clear danger that the Defendant, if notified in advance of the attachment of Trustee Process, will withdraw the funds from the hands and possession of the Trustee and remove them from the Commonwealth or conceal them.

41. There is an immediate danger that the Defendant will disperse the credits to be attached on Trustee Process.

WHEREFORE, the Plaintiff respectfully moves this Honorable Court to approve an *ex parte* attachment on Trustee Process of goods, effects or credits of the Defendant in the amount of $33,600, entrusted to and deposited in the hands of Fleet Bank and First Community Bank, their parent companies and subsidiaries and related companies.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

M.A.T. MARINE, INC.
By its attorney,

Robert J. Murphy BBO # 557659
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151

8

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MAT MARINE INC

**DEFENDANTS**
PORT NORFOLK YACHT CLUB

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Barnstable
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert J. Murphy
Holbrook & Murphy
150 Federal St
Boston, MA 02110
617 428-1151

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of contract arising out of Maritime Contract

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 8/31/04
SIGNATURE OF ATTORNEY OF RECORD: R. J. Murphy

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __MAT MARINE INC vs Port Norfolk Yacht Club Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   **NO** (circled)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   **NO** (circled)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   **NO** (circled)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES** (circled)   NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **EASTERN DIVISION** (circled)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robert J. Murphy  Holbrook + Murphy__
ADDRESS __150 Federal St  Boston MA  02110__
TELEPHONE NO. __617-428-1151__

(Cover sheet local.wpd - 11/27/00)